UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ANGELA LOUISE HALL-AVERRE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-278-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARTIN O'MALLEY, | ) | **MEMORANDUM ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Angela Louise Hall-Averre's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [Record No. 12]  The plaintiff's motion will be granted because she is the prevailing party in this action and has satisfied all other requirements for obtaining payment of fees and expenses under the EAJA.

Hall-Averre filed a Complaint on October 2, 2023, challenging the Commissioner's decision denying benefits.  The Commissioner filed an Answer on December 1, 2023.  Then, on December 21, 2023, the Commissioner filed an unopposed motion conceding that the matter should be remanded to the agency for further consideration.  The motion was granted.

Hall-Averre filed the motion for attorney's fees under the EAJA on March 12, 2024, in which attorney David Chermol seeks fees in the amount of $2,480.50 and costs in the amount of $402.00.  This request is based on 12.1 hours of attorney work performed at a rate of $205.00 per hour.  The Commissioner has filed a response indicating that he does not oppose the motion for fees and costs.

The EAJA requires payment of fees and expenses to the prevailing party in an action against the United States unless the government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA specifies that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [but] shall not [exceed] $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." § 2412(d)(2)(A). A party seeking an award of fees and expenses must submit an application within 30 days after final judgment, which includes "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award . . . and (3) a statement of the amount sought together with an itemized account of time expended and rates charged." *Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (citing § 2412(d)(1)(B)). The party also must allege that the United States' position was not substantially justified. *Id.*

Hall-Averre has satisfied these requirements. She is a prevailing party based on the December 21, 2023, remand under sentence four of 42 U.S.C. § 405(g). *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("A sentence four remand makes the plaintiff a 'prevailing party' under the EAJA"). She is eligible to receive an award under the EAJA because her "net worth did not exceed $2,000,000 at the time the civil action was filed." *See* § 2412(d)(2)(B). [Record No. 11] Further, Attorney Chermol has provided an itemized account of the time he expended on this case. [Record No. 11-5] Finally, the plaintiff's application alleges that the position of the United States was not substantially justified.

The claimed number of hours is consistent with what would be expected in this case and therefore is reasonable and compensable under the EAJA. Further, the requested hourly rate of $205 per hour is reasonable for this type of case, particularly considering the attorney's

background and experience. *See Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 491 (6th Cir. 2021) (finding a range of comparable hourly market rates between $205 and $500). Accordingly, the plaintiff will be awarded attorney's fees in the amount of $2,480.50.

The parties agree that Hall-Averre has assigned her right to EAJA fees to her attorney. However, it is unclear whether Hall-Averre owes any debt that is subject to a government offset under the Treasury Offset Program. *See* 31 U.S.C. § 3716(c)(3)(A). Accordingly, if, after receiving the Court's order, the Commissioner determines that the plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and agrees to waive the requirements of the Anti-Assignment Act, the Commissioner may make fees payable to the plaintiff's attorney.

Based on the foregoing, it is hereby

**ORDERED** that plaintiff's motion for attorney fees and costs [Record No. 11] is **GRANTED** and Plaintiff Angela Louise Hall-Averre is awarded $2,480.50 in attorney fees and costs in the amount of $402.00, for a total of $2,882.50, under the Equal Access to Justice Act.

Dated: March 13, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky